**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SUZI L HANSON GUERRA,<br><br>  Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL[1], Commissioner of Social Security,<br><br>  Defendant. | Case No. 2:18-cv-00472-RFB-DJA<br><br>**REPORT AND RECOMMENDATION** |

This matter was referred to the undersigned magistrate judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Suzi L Hanson Guerra's ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act. The Court has reviewed Plaintiff's Motion for Reversal or to Remand (ECF No. 20), filed on March 27, 2019, and the Commissioner's Response and Cross-Motion to Affirm (ECF Nos. 25-26), filed on June 26, 2019. Plaintiff filed a Reply (ECF No. 27) on July 16, 2019.

**I.   BACKGROUND**

**1.   Procedural History**

On June 23, 2014, Plaintiff protectively applied for disability insurance benefits, alleging an onset date of October 26, 2013. AR[2] 226-27. Plaintiff's claim was denied initially, and on reconsideration. AR 155 and 170. A hearing was held before an Administrative Law Judge

---

[1] Andrew Saul is now the Commissioner of Social Security and substituted as a party.

[2] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 14).)

("ALJ") on September 15, 2016. AR 47-87. On December 14, 2016 the ALJ issued a decision denying Plaintiff's claim. AR 24-46. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review on January 9, 2018. AR 1-7. On March 14, 2018 Plaintiff commenced this action for judicial review under 42 U.S.C. §§ 405(g). (*See* Motion/Application for Leave to Proceed in forma pauperis. (ECF No. 1).)

### 2. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520. AR 29-41. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of October 26, 2013 through the date of the decision. AR 29. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of chronic pain syndrome status post thoracic compression fracture, degenerative disc disease of the lumbar spine status post lumbar spine fusion, degenerative disc disease of the cervical spine status post compression and fusion surgery, and obesity and non-severe impairments of headaches, knee sprain/strain, left hip sprain/strain, depressive disorder and anxiety disorder. *Id.* at 29-30. He found Plaintiff's bladder dysfunction and nerve damage of the right leg were not medically determinable impairments. The ALJ rated the paragraph B criteria as mild limitation for activities of daily living, mild limitation for social functioning, mild limitation for concentration, persistence, and pace, and no episodes of decompensation. AR 30. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 32. At step four, the ALJ found that Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except: she can lift 20 pounds occasionally and 10 pounds frequently; occasionally perform postural activities, such as stop, crouch and crawl; can stand and/or walk for two to three hours in an eight hour day; can sit for six hours in an eight hour day with normal breaks; can never climb ladders, ropes or scaffolds; cannot work around unprotected heights or dangerous moving machinery; and she must use a cane for ambulation to and from the work site. AR 32. The ALJ found that Plaintiff is capable of performing her past relevant work as an office manager, account clerk supervisor, accounting

clerk, and credit and collections manager both as actually performed and generally performed in the national economy with the exception of the office manager position that is limited to generally performed. AR 40-41. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from October 26, 2013, through the date of the decision. AR 41.

## II.     DISCUSSION

### 1.     Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's

1  conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80
2  F.3d 1273, 1279 (9th Cir. 1996).

3        Under the substantial evidence test, findings must be upheld if supported by inferences
4  reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support
5  more than one rational interpretation, the court must defer to the Commissioner's interpretation.
6  *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human*
7  *Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether
8  the Commissioner could reasonably have reached a different conclusion, but whether the final
9  decision is supported by substantial evidence. It is incumbent on the ALJ to make specific
10 findings so that the court does not speculate as to the basis of the findings when determining if the
11 Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact
12 without explicit statements as to what portions of the evidence were accepted or rejected are not
13 sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should
14 be as comprehensive and analytical as feasible, and where appropriate, should include a statement
15 of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

16     **2.    Disability Evaluation Process**

17       The individual seeking disability benefits has the initial burden of proving disability.
18 *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must
19 demonstrate the "inability to engage in any substantial gainful activity by reason of any medically
20 determinable physical or mental impairment which can be expected . . . to last for a continuous
21 period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual
22 must provide "specific medical evidence" in support of his claim for disability. 20 C.F.R. §
23 404.1514. If the individual establishes an inability to perform her prior work, then the burden
24 shifts to the Commissioner to show that the individual can perform other substantial gainful work
25 that exists in the national economy. *Reddick*, 157 F.3d at 721.

26       The ALJ follows a five-step sequential evaluation process in determining whether an
27 individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If
28 at any step the ALJ determines that he can make a finding of disability or nondisability, a

determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

---

[3] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

1    Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); see also SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

///

### 3. Analysis

#### a. Whether the ALJ Properly Weighed the Opinion Evidence

Plaintiff argues that the ALJ's assignment of reduced weight to treating physician Dr. Evangelista is not supported because if it was vague and non-specific in describing Plaintiff's functional limitations, then the ALJ had a duty to develop the record. (ECF No. 20, 10). Further, Plaintiff contends that the ALJ's assignment of reduced weight to the opinion of treating physician Dr. Purayil is improper given the supporting medical evidence, Plaintiff's testimony, and lack of clear and convincing reasons to reject it. (*Id.* at 10-12). The Commissioner responds that the ALJ properly weighed all of the medical opinion evidence and gave legally sufficient reasons for the weight assigned. (ECF No. 26, 13-21). Plaintiff replies that non-examining opinions and a consultative examining opinion is not substantial evidence to contradict a treating physician. (ECF No. 27, 2-4).

The Court finds that ALJ's opinion evidence assessment is supported by substantial evidence and free from reversible legal error. In deciding how much weight to give a medical opinion, the ALJ considers factors including, e.g., the treating or examining relationship of the opinion's source and the claimant; how well the opinion is supported; and how consistent the opinion is with the record as a whole. See 20 C.F.R. § 404.1527(c). In evaluating medical opinions, the ALJ must provide "clear and convincing" reasons supported by substantial evidence for rejecting the uncontradicted opinion of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995).

The ALJ actually gave reduced weight to part of Dr. Purayil's opinion and significant weight to the other part. AR 37-38. In fact, he incorporated into the RFC Dr. Purayil's restrictions that Plaintiff utilize a cane for ambulation and Plaintiff can stand and/or walk for two hours in an eight-hour day. AR 32 and 37. Then, he specifically explained that he gave reduced weight to Dr. Purayil's opinion that indicated more restrictive limitations than the assigned RFC due to the fact that it was contradicted by Dr. Purayil's own treatment notes along with the record as a whole that indicates mild findings on imaging studies and improvement in Plaintiff's pain and symptoms. AR 37. Plaintiff criticizes the ALJ's assessment of the medical findings, but the

regulations specifically charge ALJs with making findings about what the evidence shows. *See* 20 C.F.R. § 404.1520b ("After we review all of the evidence relevant to your claim…, we make findings about what the evidence shows."). Here, the ALJ went through the entirety of the medical record and the ALJ noted an inconsistency with Dr. Purayil's more restrictive limitations as opined since June of 2013 and Plaintiff's work at substantial gainful activity level in June 2013 through her alleged onset date of October 26, 2013. AR 37. The ALJ's findings are entitled to deference. *See Lewis v. Astruethe*, 498 F.3d 909, 911 (9th Cir. 2007) ("[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld."). Therefore, the Court finds that the ALJ's assignment of weight to Dr. Purayil's opinion is free from legal error.

Similarly, the ALJ provided an explanation of why he assigned reduced weight to the treatment note from Dr. Evangelista that opined on more restrictive limitations than the assigned RFC by noting that the limitations were not described in detail as to Plaintiff's work-related functions. Indeed, the general limitations assessed by Dr. Evangelista were contradicted by Dr. Evangelista's findings in the same-day examination that were unremarkable. AR 975. Moreover, the Court does not agree that the ALJ failed in his duty to fully develop the record. There is no indication that the opinion did not provide adequate information for the ALJ to analyze, but rather, that the ALJ properly considered the lack of specific functional limitations in assessing the weight to assign Dr. Evangelista's opinion. *See, e.g., Thomas*, 278 F.3d at 958. The Court therefore finds that the ALJ properly gave "clear and convincing" reasons supported by substantial evidence for affording reduced weight to the opinions of treating physicians Dr. Evangelista and Dr. Purayil.

          **b.**    **Whether the ALJ Properly Assessed Plaintiff's Subjective Testimony**

Plaintiff claims that the ALJ improperly rejected her testimony about the severity of her symptoms by not providing clear and convincing reasons. (ECF No. 20, 13). She argues that he improperly cherry-picked a few temporary periods of improvement to discredit her and his summary of the objective medical evidence is not enough to discredit her. (*Id.* at 13-14). The Commissioner contends that the ALJ's finding is supported as he observed Plaintiff's activities

were at odds with the degree of impairment alleged, considered the objective medical evidence and Plaintiff's course of treatment, and rejected her subjective testimony consistent with SSR 16-3p. (ECF No. 26, 5-10). Plaintiff replies that the Commissioner's attempt to rebut the Ninth Circuit's standard that the ALJ must provide clear and convincing reasons is unavailing. (ECF No. 27, 4-6).

While an ALJ must consider a plaintiff's representations about her symptoms and limitations, her statements about her "pain or other symptoms will not alone establish that" she is disabled. 20 C.F.R. § 404.1529(a). In fact, an "ALJ cannot be required to believe every allegation of [disability], or else disability benefits would be available for the asking, a result plainly contrary to [the Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, absent affirmative evidence that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be clear and convincing. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). Specifically, the ALJ must state why the testimony is unpersuasive and point to what testimony or evidence undermines the claimant's testimony. *See, e.g., Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (upholding ALJ's credibility determination when he pointed out numerous lab results that contradicted his subjective complaints); *see also Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006) (ALJ required to provide a "narrative discussion" and state specific evidence in the record supporting an adverse credibility finding). The ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch*, 400 F.3d at 680. This is because the lack of an objective medical basis is just one factor in evaluating the credibility of a claimant's testimony and complaints. *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). Moreover, the Court notes that SSR 16-3 clarified that the ALJ no longer has to make credibility findings, but rather, evaluate the extent to which the alleged functional limitations and restrictions due to pain and other symptoms are consistent with the other evidence. If "evidence can support either affirming or reversing the ALJ's decision," the Court may not substitute its judgment for that of the ALJ's. *Robbins*, 466 F.3d at 882.

Here, the ALJ considered the contrary objective medical evidence to Plaintiff's subjective claims. He noted her treatment after undergoing a cervical fusion "consisted mostly of pain medication refills, with only mild to moderate findings on imaging studies." AR 33. The MRI scans of Plaintiff's spine showed mostly normal findings as of May 2015 with no significant spondylolisthesis, bony forminal narrowing, or neural compromise. AR 35. Further, the ALJ underscored that Plaintiff's back pain has been mostly controlled with medication since her two back surgeries and she has had little additional treatment, including minimal physical therapy, injections, or acupuncture with sporadic treatment visits. *See Celaya v. Halter*, 332 F.3d 1177, 1181 (9th Cir. 2003) (pain complaints properly rejected where the ALJ "reasonably noted" evidence that pain had come under control).

Moreover, the ALJ highlighted Plaintiff's inconsistent statements that undermined the credibility of her claims. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) ("ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct."). For example, he highlighted that her allegation that she is disabled is inconsistent with statements that she has experienced improvement with her medications and other treatment. AR 33. After a careful review of the ALJ's evaluation of Plaintiff's alleged limitations and pain and other symptoms, the Court finds that he complied with SR 16-3 and the Ninth Circuit standard such that it may not substitute its judgment for that of the ALJ's.

### c. Whether the ALJ Properly Weighed the Lay Witness Evidence

Plaintiff claims that the ALJ's assignment of minimal weight to the lay witness statement of her mother is not supported by specific and legitimate reasons. (ECF No. 20, 14-16). The Commissioner responds that the ALJ may consider nonmedical sources, but does not need to provide extensive reasons for giving less weight to such evidence – only "germane reasons." (ECF No. 26, 11). Further, the Commissioner argues that the mother's questionnaire contained limited firsthand knowledge of Plaintiff's activities of daily living as she did not live with Plaintiff and it was contrary to the objective medical evidence. (*Id.*). Plaintiff replies that Ms. Hanson's lay witness opinion corroborates Plaintiff's testimony that she is disabled and this matter should be remanded. (ECF No. 27, 6-7).

1     The Court finds that the ALJ properly gave "germane" reasons for assigning minimal
2 weight to the lay witness evidence consisting of a written questionnaire from Plaintiff's mother.
3 *See Bayliss*, 427 F.3d at 1218 (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).
4 Specifically, the ALJ compared the statement to the objective medical evidence and noted the
5 inconsistencies like Ms. Hanson's claim that Plaintiff is in constant pain versus the statements to
6 medical professionals by Plaintiff that she experienced improvement in her pain with medication.
7 AR 40.  Also, the ALJ properly noted that Plaintiff's mother did not live with her to observe
8 Plaintiff every day merely to characterize the amount of firsthand knowledge in the statement and
9 did not rely solely on that factor to assign the weight to the mother's statement.  The Court does
10 not find that the ALJ's explanation runs contrary to *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.
11 1993)'s requirement that he provide germane reasons to discount lay witness evidence.

### d.     Whether the Step Four Finding Is Supported

13     Plaintiff claims that the ALJ failed to properly craft hypothetical questions to the
14 vocational expert ("VE") at step four.  Specifically, she claims that limitations should have been
15 added to address the side effects of Plaintiff's medications, her chronic pain syndrome, and the
16 treating physician's opinions.  (ECF No. 20, 16-17).  The Commissioner responds that the ALJ
17 properly relied on the VE and solicited testimony based on the assigned RFC.  (ECF No. 26, 21).
18 Further, the Commissioner argues that the ALJ was not required to include limitations in the
19 RFC, nor solicit testimony from the VE, on those limitations that were not supported by the
20 record.  (*Id.*).  Plaintiff replies that the VE's opinion is of no evidentiary value because the
21 hypothetical questions posed by the ALJ did not include all possible RFC limitations that the
22 Plaintiff wanted to be assigned.  (ECF No. 27, 7-8).

23     The Court is not persuaded by Plaintiff's argument that the ALJ had to question the VE as
24 to additional limitations not included in the assigned RFC as that is not required by the case law.
25 *See, e.g., Bayliss*, 427 F.3d 1217.  The ALJ properly posed a hypothetical question that included
26 all of the limitations in the assigned RFC and the VE responded that Plaintiff could perform all of
27 her past relevant work, except with the limitation that the office manager position that is limited
28 to generally performed.  AR 82-84.  Plaintiff's argument that the VE's opinion has no evidentiary

value is meritless. Accordingly, the Court finds that the ALJ's decision is supported by substantial evidence and free from reversible legal error. *See Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).

### III. CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Remand (ECF No. 20) be **denied**.

**IT IS FURTHER RECOMMENDED** that the Commissioner's Cross-Motion to Affirm (ECF No. 26) be **granted**.

### IV. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 6, 2020

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE