# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUZI L HANSON GUERRA<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>Defendant. | Case No. 2:18-cv-00472-RFB-DJA<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court are Plaintiff Suzi L Hanson Guerra's ("Plaintiff") Motion to Remand to Social Security Administration, and Defendant Nancy A. Berryhill's (the "Commissioner") Countermotion to Affirm the Agency Decision. ECF Nos. 20, 26. Magistrate Judge Albregts issued a Report and Recommendation ("R&R") that Defendant's Countermotion be granted and Plaintiff's Motion to Remand be denied. ECF No. 29.

For the reasons discussed below, the Court finds that the ALJ's opinion contains legal error that is not harmless. Therefore, the Court rejects the recommendations of the R&R, grants Plaintiff's motion, and remands to Defendant for an award of benefits.

## II. BACKGROUND

Neither party objected to Judge Albregt's summary of the background facts, and so the Court incorporates and adopts, without restating, that "background" section here. ECF No. 29. The Court adds the following procedural history.

Plaintiff Suzi L. Hanson Guerra filed her complaint on March 14, 2018, seeking review of

a decision to deny her application for disability insurance benefits. ECF No. 1. The ALJ found that Plaintiff had sufficiently alleged the following impairments with an alleged onset date of October 26, 2013: chronic pain syndrome, status post thoracic compression fracture, degenerative disc disease of the lumbar spine, status post lumbar spine fusion, degenerative disc disease of the cervical spine, status post compression and fusion surgery, and obesity. On April 26, 2019 Plaintiff filed a Motion to Remand, arguing that the Administrative Law Judge ("ALJ") did not properly weigh Plaintiff's treating physician's opinion, did not provide clear, specific and convincing reasons for discrediting Plaintiff's testimony, did not properly weigh lay statements, and did not properly provide the vocational expert with all of Plaintiff's limitations.

### III. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. Id. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable

person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Id. When reviewing the assignment of weight and resolution conflicts in medical testimony, the Ninth Circuit distinguishes the opinions of three types of physicians: (1) treating physicians; (2) examining physicians; (3) neither treating nor examining physicians. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).[1] The treating physician's opinion is generally entitled to more weight. Id. If a treating physician's opinion or ultimate conclusion is not contradicted by another physician, "it may be rejected only for 'clear and convincing' reasons." Id. However, when the treating physician's opinion is contradicted by another physician, the Commissioner may reject it by "providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." Id. A treating physician's opinion is still owed deference if contradicted and is often

---

[1] This reflects the Ninth Circuit's adoption of SSR ("Social Security Ruling") 16-3p, which the Social Security Administration rescinded as of March 27, 2017. However, because the ALJ's decision in this case was dated December , the new regime will not apply unless the matter is remanded for further proceedings.

"entitled to the greatest weight . . . even when it does not meet the test for controlling weight." Orn v. Astrue, 495 F.3d 625, 633 (9th Cir. 2007). Because a treating physician has the greatest opportunity to observe and know the claimant as an individual, the ALJ should rely on the treating physician's opinion. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). However, the ALJ may reject conclusory opinions in the form of a checklist containing no explanations for the conclusions. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).

When a treating physician's opinion is not assigned controlling weight, the ALJ considers specific factors in determining the appropriate weight to assign the opinion. Orn, 495 F.3d at 631. The factors include the length of the treatment relationship and frequency of examination; the nature and extent of the treatment relationship; the amount and quality of evidence supporting the medical opinion; the medical opinion's consistency with the record as a whole; the specialty of the physician providing the opinion; and, other factors which support or contradict the opinion. Id.; 10 C.F.R § 404.1527(c). The ALJ must provide a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and [make] findings" rather than state mere conclusions for dismissing the opinion of a treating physician. Reddick, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ errs when he fails to explicitly reject a medical opinion, fails to provide specific and legitimate reasons for crediting one medical opinion over another, ignores or rejects an opinion by offering boilerplate language, or assigns too little weight to an opinion without explanation for why another opinion is more persuasive. Garrison, 759 F.3d at 1012–13.

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison, 759 F.3d at 1010. "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." Garrison, 759 F.3d at 1011. Here, the ALJ resolved Plaintiff's claim

at step five.

**IV. DISCUSSION**

The Court makes the following findings:

### a. The ALJ Did Not Properly Credit Plaintiff's Treating Physicians' Medical Opinions

Plaintiff first argues that the ALJ erred in not properly crediting all of her treating physicians' opinions concerning Plaintiff's functional capacity. Plaintiff submitted two opinions from treating physicians—one from primary care physician Dr. Preema Purayil and another from neurologist Dr. Edgar Evangelista.

Dr. Purayil opined that Plaintiff, due to a diagnosis of chronic lower back pain from the L5-S1 fusion in her spine, could sit for four hours a day, stand or walk for two hours a day, carry a maximum of five pounds in an eight hour day, would need a cane to walk, and would likely be absent from work as a result of her impairments more than four days a month. AR. 555 -556. Dr. Purayil also stated that Plaintiff could never climb ladders, balance, stoop/bend, kneel, crouch or squat. Id. Further, because of chronic pain, side effects from pain medication, insomnia from pain, and fatigue, Dr. Purayil opined that Plaintiff would not be able to concentrate for more than a total of two hours in an eight-hour day. Id.

In deciding to give Dr. Purayil's opinion less weight, the ALJ concluded that "the majority of Dr. Purayil's opinion is inconsistent with the record as a whole, which indicates mild findings on imaging studies, as well as internally inconsistent in that Dr. Purayil's treatment notes indicate that the claimant [had] shown improvements in her symptoms due to medications, injections and other treatment." AR 42.

First, that Plaintiff may have shown some improvement does not mean that she was functioning at a higher capacity than Dr. Purayil indicated. Lester, 81 F.3d at 833. ("Occasional symptom-free periods—and even the sporadic ability to work—are not inconsistent with disability."). Any improvements must nevertheless "be read in context of the overall diagnostic picture the provider draws." Id. But more importantly, and crucial to the Court's finding that the ALJ committed legal error, the ALJ does not identify the specific portions of the medical record or of Dr. Purayil's treatment notes that undermine Dr. Purayil's conclusions, something which the Ninth Circuit has warned ALJs not to do. Embrey v. Bowen, 849 F.3d 418, 422 (9th Cir. 1988).

The Court also does not find that the treatment notes are inconsistent with Dr. Purayil's conclusions. The medical records reveal just over three years of visits, in which Plaintiff continued to receive several different pain medications and psychotropic drugs for depression. At certain points Plaintiff would explain that current medications were not working, and treatment notes reflected those discussions and included referrals or changes in dosage as determined to be necessary. AR 418, 423, 432, 434, 1103. The ALJ also relies on the fact that many of Plaintiff's visits were for medication refills as a basis to give less weight to Dr. Purayil's opinion, but the Court does not find that this is a sufficient basis to discredit the opinion. Each visit included a physical exam and notes on changes in Plaintiff's conditions. The ALJ provided no legal basis or medical reason to support a categorical finding that medical examinations that were part of visits for medication refills deserve less weight or value.

Finally, the fact that Dr. Purayil identified the onset of these symptoms as beginning in June 2013, when Plaintiff was still working, or that Plaintiff had relatively independent living ability at home, falls short as a reason to discredit her treating physician's opinion on this matter. See Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (record revealing occasional indicia

of improvement and a minimal capacity to perform basic chores not adequate basis to reject opinion of treating physician).

The ALJ also did not give proper weight to the treatment notes of another treating physician of Plaintiff's, Dr. Edgar Evangelista. The ALJ rejected Dr. Evangelista's opinion/recommendation to Plaintiff that she must avoid heavy lifting, prolonged sitting, and prolonged standing, on the grounds that the recommendation was "vague and did not provide a specific functional analysis." AR 37 – 38. This is not a sufficient clear and convincing reason for rejecting Dr. Evangelista's findings. Conclusory statements that a treating doctor's opinion is "vague" falls short of the clear and convincing standard for ignoring a treating doctor's opinion. Cereo v. Commissioner of Social Sec. Admin, 473 F.App'x 536, 537 (9th Cir. 2012) ((citing Embrey v. Bowen, 849 F.3d 418, 422 (9th Cir. 1988)). Moreover, and importantly, the ALJ could have and should have considered Dr. Evangelista's opinion in the context of Plaintiff's entire medical record, which includes additional information and findings about her functional limitations. The Court thus finds that the ALJ engaged in legal error when he discounted Dr. Evangelista's opinion regarding Plaintiff's physical limitations.

### b. The ALJ Did not Properly Credit Plaintiff's Testimony.

Plaintiff next argues that the ALJ erroneously rejected her testimony. The Court agrees.

When evaluating subjective complaints of pain, the ALJ must first determine whether the "claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009) (internal citations omitted). "The claimant is not required to show that her impairment "could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."

Id. (internal citations omitted). "If the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives specific, clear and convincing reasons for the rejection." Id. (internal citations omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Garrison v. Colvin, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)). The ALJ must identify with specificity "what testimony is not credible and what evidence undermines the claimant's complaints." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995), as amended (Apr. 9, 1996). As of March 2016, the Social Security Administration has eliminated the use of the term "credibility" from its policy, as "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p. However, ALJs may continue to consider the consistency of a claimant's statements compared to other statements by the claimant and to the overall evidence of the record. Id.

The Court agrees with Plaintiff that the ALJ fails to give clear and convincing reasons as to why he discounts Plaintiff's testimony—specifically her testimony about her physical limitations and the pain that she experiences. Plaintiff testified that she has three to four bad days a month. AR 56. She testified that during those bad days, there is so much pain radiating through her body that she "pretty much stay[s] in bed." AR 68. Plaintiff also stated that she could sit for up to an hour before being in excruciating pain, that she could stand for up to thirty minutes without being in pain, that she used her medically prescribed cane when she shopped every few weeks, and that holding her neck up for long periods of time was difficult. AR 76-79. The ALJ stated that Plaintiff's testimony was "inconsistent with the medical evidence of record which indicates that although the claimant did undergo a cervical fusion, her treatment nonetheless has consisted mostly of pain medication refills, with only mild to moderate findings on imaging studies." AR

33.

The ALJ then proceeds to summarize the medical evidence, but does not connect any of the medical records evidence to specific portions of Plaintiff's testimony that he rejects. The Court finds that in analyzing Plaintiff's testimony, the ALJ in this case did what the Ninth Circuit cautioned another ALJ for doing: "Our review of the ALJ's written decision reveals that she did not specifically identify any such inconsistences; she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination." Brown-Hunter v. Colvin, 806 F.3d 487, 494 (9th Cir. 2015). In this case, the ALJ, while providing a competent summary of the medical evidence, did not adequately explain or discuss what portions of Plaintiff's testimony the medical evidence undermined. Id. ("[P]roviding a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible.") (emphasis in original). The ALJ did not find any evidence of malingering, and both of Plaintiff's treating physicians gave opinions that Plaintiff's functional exertions were limited. By not identifying "which testimony [the ALJ] found not credible, and never explain[ing] *which* evidence contradicted the testimony," the ALJ committed error in his legal analysis of Plaintiff's testimony that was not harmless.

The Court also finds that the ALJ summary of the evidence also mischaracterized the evidence. Substantial evidence indicates that Plaintiff's experience of pain and improved symptoms waxed and waned throughout the three-year period of medical records presently before the Court. In March 2016, several months after Plaintiff's surgery in August 2015, Plaintiff's physical therapist noted that Plaintiff had decreased range of motion and was limited in her ability to bend, empty dishwashers, make her bed, carry, clean, vacuum, sweep, lift from floor, sit for more than 30 minutes, and stand for more than 15 minutes. AR 1092. In May 2016, the same

physical therapist noted that, "Plaintiff's symptoms and mobility are improving consistently with therapy, but progress is slow." AR 1065. The records revealed a goal of working to improve Plaintiff's range of motion to 60%. AR 1073. During a June 2016 visit to the Nevada Comprehensive Pain Center, Plaintiff noted that her axial low back pain fluctuated from 3 out of 10 to 8 out of 10, and at times to 9 out of 10. AR 1103, 1232. The same examination noted decreased range of motion in her neck and lumbar area. Id.

In his summation of the medical evidence[2], the ALJ noted another examination in which Plaintiff had 90% normal range of motion in her lumbar spine region, but the range of motion was painful. AR 34. That same examination, also revealed that Plaintiff had only 70% normal range of motion in her cervical (neck) region, but that this was also painful. AR 1044. The ALJ also cited another examination, in March 2016, in which Plaintiff stated that she had received 50% relief from symptoms with pain medication. However Plaintiff also reported during that same examination that her axial neck pain while only 4 out of 10 on that particular day, fluctuated from 4 out of 10 to 8 out of 10. AR 985. During the same examination, she also noted joint pain and knee pain that fluctuated from 6 out of 10 to 9 out of 10. Indeed, a couple of months later, in July 2016, Plaintiff reported that her pain had worsened. AR 1103.

"[I]t is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment; cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months . . . and to treat them as a basis for concluding a claimant is capable of working." Garrison, 759 F.3d at 1117. While Garrison concerned mental health symptoms specifically, the Court finds the reasoning easily applicable here in the context of

---

[2] Again, the Court notes that the ALJ did not tie these specific portions of the medical record to specific parts of Plaintiff's testimony he believed the medical record undermined.

chronic pain. The Court finds that the medical evidence is consistent with Plaintiff's descriptions of her symptoms in testimony at the hearing, and in her function report, of constant pain that waxed and waned in severity, and precluded her from prolonged sitting or standing. The Court also finds that the ALJ erred in not properly crediting this testimony.

**3. The ALJ Erred in Giving Less Weight to Plaintiff's Mother's Lay Opinion.**

The Court also agrees with Plaintiff that the ALJ erred in giving the opinion of Plaintiff's mother, which came in the form of a third-party function report, less weight.

The ALJ's reasons for discrediting Plaintiff's mother's testimony were two-fold: 1) that because Plaintiff's mother does not live with her, she would have less knowledge of her daughter's daily activities, and 2) that her statements that Plaintiff was in constant pain was undermined by the medical evidence in the record. The Court rejects the first reason for discrediting the testimony, as the Ninth Circuit has already held that "friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition." Dodrill v. Shalaal, 12 F.3d 915, 918-919 (9th Cir. 1993). The Ninth Circuit has never held that only those people who live with the claimant are in a position to observe a claimant's symptoms. That Plaintiff's mother does not live with Plaintiff is by itself an insufficient reason to discount her testimony. As, the ALJ did not find and could not find that Plaintiff's mother was not in a position to regularly observe Plaintiff's symptoms over time, the ALJ should not have so discredited Plaintiff's mother's observations and opinion.

The Court also disagrees with the ALJ that the medical evidence undermines a finding that Plaintiff was in constant pain, for the reasons described in the portion of this opinion discussing why Plaintiff's opinion was improperly discredited. Because the reason why the ALJ gave less weight to Plaintiff's mother's testimony is essentially identical to the reason he gave less weight

to Plaintiff's testimony, the Court cannot not find the error to be harmless. If an ALJ had legally sufficient reasons for rejecting the claimant's own testimony, then any failure to consider corroborative lay witness accounts are harmless. Molina v. Astrue, 674 F.3d 1104,1116 (9th Cir. 2012). However, the Court has already found that the ALJ erred in his assessment of Plaintiff's testimony. Accordingly, the Court cannot find that the ALJ's reasons for discredit Plaintiff's mother's report was harmless error.

### c. The ALJ Erred in His Step Four Analysis.

The Court also agrees with Plaintiff that because the ALJ improperly discredited the opinions of Plaintiff's treating physicians, Plaintiff's testimony, and the corroborative opinion of Plaintiff's mother, the hypotheticals posed to the vocational expert did not properly set out all of Plaintiff's limitations.

In Embrey v. Bowen, , the Ninth Circuit found that the hypothetical an ALJ posed to the vocational expert was based on assumptions as to the residual functional capacity of the claimant that were not supported by the medical record and contradicted the claimant's treating physician. 849 F.3d 418, 423 (9th Cir. 1988). The Court finds that the ALJ in this case has committed the same error.

The vocational expert stated that any absences of more than two days a month would not be tolerated in a working environment. AR 84. Plaintiff's treating physician opined that Plaintiff would need more than four days a month in absences as a result of her impairments, and would have difficulty concentrating for more than a total of 2 hours in an 8 hours day due to chronic pain fatigue, insomnia due to pain, and side effects from her pain medication. AR 555. The ALJ did not account for this in his hypothetical to the vocational expert, and accordingly the opinion of the vocational expert that Plaintiff could continue prior work has no evidentiary value. Embrey v.

Bowens, 849 F.2d 418, 421- 23 (9th Cir. 1988).

### d. Remand for Benefits

The Ninth Circuit has established that where no outstanding issues need be resolved, and where the ALJ would be required to award benefits on the basis of the record if the improperly discredited evidence were credited as true, the Court will remand for an award of benefits. See Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1401 (9th Cir. 1988). The Circuit has devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose;
> (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and
> (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020 (9th Cir. 2014).

First, the Court finds that the record has been fully developed and that further administrative proceedings would serve no useful purpose. Next, for the reasons discussed above, the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's testimony, her mother's statement, and the opinions of her treating physicians. Lastly, it is apparent that if the improperly discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand. Plaintiff's treating physicians opinions, Plaintiff's testimony, and Plaintiff's mother's third party function report all establish that Plaintiff 's functional capacity made her incapable of doing even sedentary work in a competitive, eight hour a day, forty hours a week setting. Therefore, the Court finds that the record directs a finding that Plaintiff is disabled and remands for an award of benefits.

### V. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 29) is

rejected.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Remand (ECF No. 20) is granted. The case is remanded for award of benefits.

**IT IS FURTHER ORDERED** that the Commissioner's Cross-Motion to Affirm (ECF No. 26) is denied.

**IT IS FURTHER ORDERED** that this matter is remanded to Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, for additional proceedings consistent with this opinion.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in favor of Plaintiff, and against Defendant. The Clerk of Court is instructed to close the case.

**DATED**: March 24, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**